# United States Bankruptcy Court
# District of New Jersey
United States Courthouse
402 East State Street
Trenton, New Jersey   08608

Chambers of:                                                                                          609-656-2565
**Hon. Raymond T. Lyons**                                                                        fax 609-989-0431


June 27, 2012

Kirsten B. Ennis, Esq.
92 East Main St., Suite 407
Somerville, NJ 08876
Email: pacerecf@ennislegal.com

Barbara K. Hager , Esq.
Reed Smith
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Email: bhager@reedsmith.com

**LETTER OPINION**

Re:  Mesina v. Citibank, NA
Adv. Proc. No:  10-2304 RTL

Dear Counsel:

Thank you for your recent pleadings on the issue of whether the Adjustable Rate Balloon Note ("Note") signed by Mr. and Mrs. Mesina is a negotiable instrument governed by Article 3 of the Uniform Commercial Code (UCC) as adopted in New Jersey.  U.C.C. § 3-101 et seq. (2001); N.J. STAT. ANN. § 12A:3-101 et seq. (West 2012).  I understand that resolution of this issue will impact the discovery sought by the Plaintiffs from the Defendants.  For convenience, I will refer to the Plaintiffs as the "Debtors" and the Defendants as the "Creditor".

Kirstein B. Ennis, Esq.
Barbara K. Hagar, Esq.
June 27, 2012
Page two


The Debtors claim that:

     1. The Note is not negotiable because paragraph 11 incorporates by reference the mortgage, making the Note conditional and thus not negotiable under section 3-106(a) of the UCC;

     2. Paragraph 1 of the Note, which defines the term "Note Holder," limits those entitled to enforce the note to transferees and not anyone who might be a holder;

     3. Paragraph 5 of the Note (misstated as Paragraph 4 in the Debtors' letter brief), which requires the borrower to provide written notice that they are making a prepayment of principal, is an additional undertaking, rendering the Note non-negotiable;

     4. The Creditor must demonstrate that it owns the mortgage as well as the right to enforce the Note, which requires examination of each step in the securitization process.

     For the reasons set forth below, I find that paragraph 11 of the Note does not render the makers' promise conditional or destroy negotiability. It is the type of reference to collateral, prepayment or acceleration specifically permitted by section 106(b) of the UCC. The definition of Note Holder in paragraph 1 does not limit to a transferee the person entitled to enforce the Note. The requirement to give written notice of a principal repayment in Paragraph 5 of the Note is not an additional undertaking. The Note is a negotiable instrument and Article 3 of the UCC applies. The right to enforce the Note should give the Creditor the right to foreclose without demonstrating each step in the securitization process.

**Negotiable Instrument**

     Article 3 of the UCC applies to negotiable instruments. U.C.C. § 3-102(a).

> Article 3, however, deals primarily with payment obligations surrounding a negotiable instrument, and the identification of the proper party to be paid in order to satisfy and discharge the obligations represented by that negotiable instrument.

*Veal v. Am. Home Mortg. Servicing, Inc.* (*In re Veal*), 450 B.R. 897, 909 (B.A.P. 9th Cir. 2011). From the point of view of a maker of a note, such as the Debtors, that is the key concept of Article 3.

Kirstein B. Ennis, Esq.
Barbara K. Hagar, Esq.
June 27, 2012
Page three

> Put another way, if a maker makes a payment to a 'person entitled to enforce,' the obligation is satisfied on a dollar for dollar basis, and the maker never has to pay that amount again.

*Id.*

A negotiable instrument "means an unconditional promise or order to pay a fixed amount of money . . . ." U.C.C. § 3-104(a). The UCC specifically states that "a promise or order is not made conditional . . . by a reference to another writing for a statement of rights with respect to collateral, prepayment, or acceleration . . . ." U.C.C. § 3-106(b).

In this case, paragraph 11 of the Note reads:

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond or deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.
>
> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

Kirstein B. Ennis, Esq.
Barbara K. Hagar, Esq.
June 27, 2012
Page four

> If Lender exercises this option, Lender shall give Borrower
> notice of acceleration. The notice shall provide a period of not less
> than 30 days from the date the notice is given in accordance with
> Section 15 within which Borrower must pay all sums secured by
> this Security Instrument. If Borrower fails to pay these sums prior
> to the expiration of this period, Lender may invoke any remedies
> permitted by this Security Instrument without further notice or
> demand on Borrower.

That provision in the Note refers to the fact that the Note is secured and that there are conditions that might require immediate payment, i.e. acceleration. I find that paragraph 11 is a statement with respect to collateral and acceleration that is specifically permitted by section 3-106(b) of the UCC and does not destroy negotiability.

The requirement that the borrower give written notice of a principal prepayment set forth in Paragraph 5 of the Note was held not to be an additional undertaking in *In re Walker*, 466 B.R. 271 (Bankr. E.D. Pa. 2012) and *HSBC Bank USA, N.A. v Gouda*, 2010 WL 5128666. at *2-3 (N.J. Super. Ct. App. Div. Dec. 17, 2010). This court will follow those decisions.

*Transfer v. Negotiation*

Under section 3-301 of the UCC, the party entitled to enforce the note may be a holder, and a holder may be a party in possession of a note endorsed in blank. UCC § 1-201(21). The Creditor claims that it can prove that it is in possession of the Note which is endorsed in blank and, thus, entitled to enforce the Note. *Walker*, 466 B.R. at 471. The Debtors point to the following language in paragraph 1 of the Note and assert that only a transferee may enforce the Note:

> Lender or anyone who takes this Note by transfer and who is
> entitled to receive payments under this Note is called the "Note
> Holder.

According to the Debtors, the Creditor must prove that it is a transferee and establish that every prior transfer of the Note was proper. A thorough discussion of the UCC's distinction between transfer and negotiation is provided in the *Veal* opinion. 450 B.R. at 911-12; *see also Bank of New York v. Raftogianis*, 13 A.3d 435, 438–40 (N.J. Super. Ct. Ch. Div. 2010). I do not read the quoted language, which is only a definition, as limiting the enforcement to transferees. A holder

Kirstein B. Ennis, Esq.
Barbara K. Hagar, Esq.
June 27, 2012
Page five

of the Note is entitled to enforce it.  If the Creditor can prove that it is in possession of the Note endorsed in blank, then as a holder it is entitled to enforce the Note.  The Creditor is not required to prove the details of each transfer in the chain of title.

**Ownership of the Mortgage**

The situation in this case is the common.  MERS is named on the mortgage as nominee for the original lender.  The loan was placed into a trust and securitized.  Following default, an assignment of mortgage from MERS to the trustee for the securitization was recorded with the county clerk.  The Debtors argue that the Creditor must demonstrate that it is the owner of the mortgage through establishing a valid transfer at each step in the securitization process.  The case cited by the Debtors, *Raftogianis*, holds to the contrary.  13 A.3d at 438-40.  It rejected the argument that the note and mortgage became separated under similar circumstances and merely required the lender to prove that it had the right to enforce the note when it commenced the foreclosure action.  This court adopts the same approach.

I trust that this preliminary ruling will allow the parties to conclude discovery.

Yours very truly,
/s/ ***Raymond T. Lyons***
United States Bankruptcy Judge

RTL:may
Docket